UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | Nos 2:11-cv-03260-SVW; 2:10-bk-60955-TD | Date | January 12, 2012 |
|---|---|---|---|
| Title | In Re: Maximino A Santos and Gloria SL Santos | | |

JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:** IN CHAMBERS ORDER re APPEAL: Re: ORDER AND NOTICE OF DISMISSAL; MOTION to Certify Direct Appeal to the United States Court of Appeals for the Ninth Circuit [7]

**I.     INTRODUCTION**

On November 29, 2010, Appellants Maximo and Gloria Santos filed a petition under Chapter 13 of the U.S. Bankruptcy Code.  On December 9, 2010, Appellants filed their Chapter 13 Plan (the "Plan").  On January 13, 2011, Appellee, the Chapter 13 Trustee, filed Objections to Confirmation of Plan.  Specifically, Appellee objected to Appellants' Plan on the basis that, whereas the Plan called for Appellants to make regular payments for 36 months, Appellee claimed that Appellants were required to commit to a 60 month plan.

Appellant then separately raised the issue of Appellants' eligibility for Chapter 13 under 11 U.S.C. § 109(e).  The Bankruptcy Court entered an Order dismissing the case on March 30, 2011, and issued its Findings of Fact and Conclusions of Law on April 27, 2011.  The Bankruptcy Court determined that Appellants were ineligible for relief under Chapter 13, but did not reach the issue of whether Appellants were required to commit to a 60 month, as opposed to a 36 month plan.[1]  For the reasons set forth in this Order, the Court hereby AFFIRMS the Bankruptcy Court's dismissal of Appellants' case.

---

[1] Because the Court agrees with the Bankruptcy Court that Appellants are ineligible for relief under Chapter 13, the Court declines to address the issue of whether Appellants are required to commit to a 60 month plan.  Accordingly, this Order addresses only the facts necessary to decide the Chapter 13 eligibility issue.

|  | : |  |
|---|---|---|
| Initials of Preparer | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | Nos 2:11-cv-03260-SVW; 2:10-bk-60955-TD | Date | January 12, 2012 |
|---|---|---|---|
| Title | In Re: Maximino A Santos and Gloria SL Santos | | |

JS - 6

## II. FACTUAL BACKGROUND[2]

Appellants filed their emergency voluntary petition under Chapter 13 of the U.S. Bankruptcy Code on November 29, 2010. Appellants own real property located at 10343 Park Street, Bellflower, CA 90706 (the "Property"). The Property was valued at $549,000 at the time of filing and was encumbered by four liens:

- First Deed of Trust held by Bank of America Loans
  Amount: $752,047.89 (the "First Trust Deed")
- Second Deed of Trust held by Wells Fargo Bank, N.A.
  Amount: $194,280.21 (the "Second Trust Deed")
- Third Deed of Trust held by Wells Fargo Bank, N.A.
  Amount: $19,990.84 (the "Third Trust Deed");
- Judgment Lien held by Wells Fargo Bank, N.A. (Wells Fargo Card Services
  Amount: $52,080.82 (the "Judgment Lien")

The Three Deeds of Trust are consensual liens while the Judgment lien is a nonconsensual lien.

After filing their case, Appellants sought to avoid the Second and Third Deeds of Trust held by Wells Fargo under 11 U.S.C. § 506(d). The Bankruptcy Court entered an order on December 28, 2010 (the "506(d) Order") under which Appellants avoided the Second and Third Trust Deeds only on receipt of a Chapter 13 discharge. Appellants also filed a motion to avoid the Judgment Lien under 11 U.S.C. § 522(f). The Bankruptcy Court issued an additional Order on December 28, 2010 under which Appellants avoided the Judgment Lien.

On January 13, 2011, Appellee, the Chapter 13 Trustee, filed her Objections to Confirmation of Plan, objecting on the basis that Appellants must make payments under their Plan for 60 months, not 36 months, as proposed. At a hearing February 10, 2011, Appellee raised the issue of Appellants' eligibility for Chapter 13 under 11 U.S.C. § 109(e), arguing that Appellants' avoidance of the Second and Third Trust Deeds under the 506(d) Order rendered Appellants' total unsecured claims above the debt limits for Chapter 13 eligibility as forth in 11 U.S.C. § 109(e). As noted above, the Bankruptcy Court agreed, entering an Order of Dismissal and Findings of Fact and Conclusions of Law that found that Appellants were ineligible for Chapter 13 while declining to rule on Appellee's objection to Appellants' proposed

---

[2]This factual summary is taken from the Bankruptcy Court's Findings of Fact and Conclusions of Law. (Dkt. No. 5). Furthermore, the Court finds no clear error was committed by the Bankruptcy Court with regards to ifs findings of fact.

|   | : |   |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | Nos 2:11-cv-03260-SVW; 2:10-bk-60955-TD | Date | January 12, 2012 |
|---|---|---|---|
| Title | In Re: Maximino A Santos and Gloria SL Santos | | |

JS - 6

36-month term for payments under the Plan.

### III. STANDARD OF REVIEW

A bankruptcy court's findings of fact are reviewed for clear error and its conclusions of laws are reviewed de novo. In re Clark, 262 B.R. 508, 514 (9th Cir. BAP 2001). A lower court's findings are reversible for clear error when the appellate court is left with a definite and firm conviction that a mistake has been committed. Id. at 514 (citing United States v. Maldonado, 215 F.3d 1046, 1050 (9th Cir.2000), cert. denied, 531 U.S. 1172(2001)). Mixed questions of law and fact are generally reviewed de novo. In re Clark, 262 B.R. at 514 (citing Diamond v. City of Taft, 215 F.3d 1052, 1055 (9th Cir. 2000), cert. denied, 531 U.S. 1072 (2001).

### IV. DISCUSSION

  A. Chapter 13 Eligibility

  1. Section 109(e) of the Bankrupcy Code

11 U.S.C. § 109(e) sets forth the eligibility requirements for individuals seeking relief under Chapter 13. Section 109(e) provides, in pertinent part:
> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $360,475 and noncontingent, liquidated, secured debts of less than $1,081,400, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $360,475 and noncontingent, liquidated, secured debts of less than $1,081,400 may be a debtor under chapter 13 of this title.

11 U.S.C. § 109(e). The dispute in this case concerns the proper characterization of the nature of the Wells Fargo junior liens for determining Appellants' eligibility for relief under Chapter 13. Appellants' form Schedule D - Creditors Holding Secured Claims ("Schedule D") lists secured claims totaling $1,018,399.76. (Appellants' Evidence of Record, hereinafter "EOR" p. 266). Appellants' Schedule D lists the "unsecured" portion of those claims as $266,351.87. Appellants's form Schedule F - Creditors Holding Unsecured Nonpriority Claims ("Schedule F") lists another $105,743.71 in unsecured claims for a total of $372,095.58, which exceeds the unsecured debt limit for Chapter 13 eligibility set forth in Section 109(e) by approximately $12,000. Accordingly, as Appellee argues, Appellants are inelgible for relief under Chapter 13 because their unsecured debts exceed the $360,475 limit set forth in Section

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | Nos 2:11-cv-03260-SVW; 2:10-bk-60955-TD | Date | January 12, 2012 |
|---|---|---|---|
| Title | In Re: Maximino A Santos and Gloria SL Santos | | |

JS - 6

109(e).

### 2. Plain Meaning of Section 109(e)

The plain meaning of Section 109(e) demonstrates that the Bankruptcy Court's determination that Appellants are not eligible for relief under Chapter 13 must be affirmed. Lamie v. U.S. Trustee, 540 U.S. 526, 534 (2004) ("It is well established that 'when the statute's language is plain, the sole function of the courts-at least where the disposition required by the text is not absurd-is to enforce it according to its terms.'") (internal citations omitted). Section 109(e) explicitly states that only an individual with regular income who owes noncontingent, liquidated and unsecured debts of less than $360,475 on the date of filing may seek relief under Chapter 13. 11 U.S.C. § 109(e). As Appellee argues, Appellants do not allege any ambiguity in the statute that would justify departure from its plain meaning. Furthermore, Appellants' schedules, motions to avoid the Wells Fargo liens and appellant's brief acknowledges that the Wells Fargo junior liens were unsecured at the time the petition was filed due to the drop in value of the Property. (See Appellant's Brief at 13) (acknowledging that the consensual liens were rendered unsecured by the decline in the Property's value).

Appellants argue that the legislative history of the bankruptcy code shows that Congress intended to afford debtors in Appellants' position relief under Chapter 13. Therefore, Appellants argue that they should be allowed to proceed under Chapter 13. (Appellants' Brief at 10). The Court agrees with Appellee that this result is not "absurd." See Lamie, 540 U.S. at 538 ("Our unwillingness to soften the import of Congress' chosen words even if we believe the words lead to a harsh outcome is longstanding. It results from 'deference to the supremacy of the Legislature, as well as recognition that Congressmen typically vote on the language of a bill.'") (internal citations omitted). The Court further agrees that, as the Supreme Court noted in Lamie, "[i]t is beyond our province to rescue Congress from its drafting errors, and to provide for what we might think . . . is the preferred result." Id. at 542 (internal citation omitted).

### 3. Treatment of Wholly Unsecured Claims of Junior Lienholders under Section 109(e)

"Chapter 13 eligibility should normally be determined by the debtor's schedules checking only to see if the schedules were made in good faith." In re Scovis, 249 F.3d 975, 981 (9th Cir. 2001). Furthermore, as Appellee notes, the 9th Circuit treats *undersecured* claims as unsecured debts for the purposes of Chapter 13 eligibility under Section 109(e). See In re Soderlund, 236 B.R. 271, 273 (9th Cir. BAP 1999). The 9th Circuit Bankruptcy Appellate Panel ("BAP") has also held that "wholly unsecured" claims count towards the unsecured debt limit for purposes of determining Chapter 13

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | Nos 2:11-cv-03260-SVW; 2:10-bk-60955-TD | Date | January 12, 2012 |
|---|---|---|---|
| Title | In Re: Maximino A Santos and Gloria SL Santos | | |

JS - 6

eligibility under Section 109(e). In re Smith, 435 B.R. 637 (9th Cir. BAP 2010). The BAP relied on Scovis in concluding that the "principle of certainty" applies where the effect of the value of the property on the status of the debts as secured or unsecured is "readily ascertainable." Smith, 435 B.R. at 647.

     Here, as Appellee argues, it is clear that the claims of the junior lienholders were completely unsecured at the time of filing due to the diminished value of the Property. As noted above, at the time of filing, the amount of the First Trust Deed exceeded the value of the Property. Therefore, there can be no doubt that the unsecured status of the junior liens is readily ascertainable. Like the debtors in Smith, Appellants listed the unsecured values of the claims of junior lienholders on Schedule D, including unsecured portions in the column labeled "unsecured" on the Schedule D form. Id. at 646. There is nothing in the record to indicate that those schedules were not filed in good faith. Like Appellants, the debtors in Smith were able to avoid consensual, junior liens under 11 U.S.C. § 506 because the junior liens were wholly unsecured because of a drop in value of the properties at issue. Id. at 645. Again, like the debtors in Smith, Appellants conceded the unsecured status of the claims of the junior lienholders (in this case, Wells Fargo) for the purpose of avoiding those liens under Section 506, yet argue that the same claims are secured for the purposes of determining Chapter 13 eligibility under Section 109(e). The BAP in Smith noted that:

> . . .the [junior lienholder] claims were wholly unsecured, and having scheduled them as such, the debtors cannot now complain because the Bankruptcy Code requires classification of those claims as unsecured claims in their full amounts, especially where they intend to treat the second lienholders as wholly unsecured creditors for all purposes under their plans . . . Bankruptcy courts are required to apply the provisions of the Bankruptcy Code as they are written. To the extent the existing chapter 13 debt limits are too low to provide chapter 13 relief to homeowners impacted by the current economic climate, that is a matter within the purview of Congress.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | Nos 2:11-cv-03260-SVW; 2:10-bk-60955-TD | Date | January 12, 2012 |
|---|---|---|---|
| Title | In Re: Maximino A Santos and Gloria SL Santos | | |

JS - 6

Smith, 435 B.R. at 648-49.[3]  The reasoning in Smith applies with full force to the instant action.[4]

### 4. Congressional Intent

Appellants essentially argue that Congress did not intend to exclude debtors from relief under Chapter 13 in situations where, as here, the debt limit for Chapte 13 eligibility is exceeded by consensual junior liens on a principal residence. (Appellant Brief at 13). Appellants also claim that there is "cognitive dissonance" in the Bankruptcy Code and recent decisions interpreting it. They claim that the analysis in Scovis has "led to consequences that surely cannot be consonant with the intent of Congress." (Id. at 11). The Court does not find Appellants' arguments to be persuasive.

First, as Appellee notes, Congress created an exception to exclude debt secured by a principal residence when determining eligibility under Chapter 12, under which family farmers or family fishermen may seek relief. See 11 U.S.C. §§ 109(f), 101(19A). Had Congress intended to create an exception for debts secured by a principal residence under Chapter 13, it certainly could have. The fact

---

[3]The Court agrees with Appellee that Appellants misapply the reasoning in Scovis when they contend that the court in Scovis found the undersecured judgment liens of the debtors in Scovis to count as unsecured debt under Section 109(e) because "the debt typically originated as an unsecured debt," alluding to the original intention of the parties. However, as Appellee notes, the court in Scovis stated that Chapter 13 eligibility under Section 109(e) is determined not by "original intention," but by looking at the schedules originally filed by the debtors to ensure that they were filed in good faith. Scovis, 249 F.3d at 982. Nothing in the record indicates that Appellants' scheduled were not filed in good faith. Accordingly, Appellants' argument is unavailing.

[4]Appellees argue that consensual junior liens with "questionable secured status" should not be counted as unsecured for eligibility purposes because the consensual junior lienholders are "quasi-secured" based on the "substantial portion of the bundle of rights" that Wells Fargo, the consensual lienholder, retains until Appellants receive a discharge. (Appellants' Brief at 11, 17). However, as Appellee argues, the status of both consensual and nonconsensual junior lienholders was never questionable. Furthermore, consensual lienholders do not have any special rights that would justify treating a consensual lien differently from a nonconsensual lien. As Appellee notes, in the event of dismissal, consensual and nonconsensual lienholders retain the same bundle of rights that they originally held. Therefore, the Court agrees with Appellee that Appellants' claim that consensual lienholders whose claims are avoided have rights that "no other unsecured claimants hold" is contrary to law. (See Appellant Brief at 16). Accordingly, there is no basis for Appellants' proposed disparate treatment of unsecured consensual lienholders and unsecured nonconsensual lienholders for purposes of determining Chapter 13 eligibility under Section 109(e).

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | Nos 2:11-cv-03260-SVW; 2:10-bk-60955-TD | Date | January 12, 2012 |
|---|---|---|---|
| Title | In Re: Maximino A Santos and Gloria SL Santos | | |

JS - 6

that Congress created such an exception under Chapter 12 but did not under Chapter 13 leads to the inference that Congress intentionally left such an exception out of Chapter 13.

   Second, the debt limitations under Section 109(e) are applied uniformly throughout the country, and adjusted every three years as a matter of law under 11 U.S.C. § 104. See 11 U.S.C. §§ 109(e); 104. The adjustments set forth in Section 104 are based on the Consumer Price Index for All Urban Consumers. As Appellee notes, these adjustments impact 20 sections of the Bankruptcy Code, including Section 109(e).

   Appellants rely on Judge Jaroslovskly's concurrence in Smith in support of their claim that Congress did not intend to exclude wage earners such as Appellants from relief under Chapter 13. (Appellant Brief at 13-15). Judge Jaroslovskly's sympathetic concurrence points out the "Catch 22" that individuals in Appellants' position face. See Smith, 435 B.R. at 649. However, Judge Jaroslovskly ultimately concurred in Smith, concluding that the BAP correctly applied the law. Furthermore, as noted above, whether or not to adjust the debt limits for Chapter 13 eligibility in light of the current economic crisis is a matter within the purview of Congress, not this Court. See Smith 435 B.R. at 649. The Court cannot refuse to give effect to the law's plain meaning simply because doing so leads to an arguably unfortunate or unfair result. See Union Bank v. Wolas, 502 U.S. 151, 158 (1991) ("The fact that Congress may not have foreseen all of the consequences of a statutory enactment is not a sufficient reason for refusing to give effect to its plain meaning.").

   **B.     Length of Payment Plan**

   As noted above, the Bankruptcy Court declined to rule on the issue of whether Appellants' proposed 36 month payment plan (as opposed to a 60 month plan) was improper. Because the Court agrees with the Bankruptcy Court that Appellants are ineligible for relief under Chapter 13, the Court finds it unnecessary to address this argument.

   **V.     CONCLUSION**

   For the reasons set forth in this Order, the Order of the Bankruptcy Court is hereby AFFIRMED.

|  | : |
|---|---|
| Initials of Preparer | PMC |